# FEDERAL DEFENDERS OF SAN DIEGO, INC.
THE COMMUNITY DEFENDER ORGANIZATION FOR THE SOUTHERN DISTRICT OF CALIFORNIA

February 3, 2023

Molly Dwyer, Clerk
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco CA 94103-1526

Re:  Fed. R. App. P. 28(j) Citation to Supplemental Authorities
 *United States v. Perez-Garcia*, 22-50314
 Submitted and decided on January 26, 2023
 Before: Hon. Kim Wardlaw, Hon. Richard Clifton, and
 Hon. Gabriel Sanchez

Dear Ms. Dwyer:

This week, in *United States v. Rahimi*, No. 21-11001, 2023 WL 1459240, at *1 (5th Cir. Feb. 2, 2023), the Fifth Circuit held that 18 U.S.C. § 922(g)(8) is facially unconstitutional under the Second Amendment. Mr. Perez-Garcia submits this supplemental authority for this Court's consideration as it drafts an opinion in his case.

Section 922(g)(8) prohibits persons subject to domestic violence restraining orders from possessing arms. Like pretrial release conditions, § 922(g)(8) applies only after a judge holds a hearing and makes individualized dangerousness findings. *Id.* at *6. The government in *Rahimi* defended § 922(g)(8) using many of the same arguments raised here. *See id.* at *3–10. The Fifth Circuit rejected them.

First, the Fifth Circuit held that *Bruen*'s "law-abiding" language is not "an implied gloss" on the Second Amendment's scope. *Id.* at *4. And by "bless[ing] the general concept of shall-issue regimes," *Bruen* did not implicitly deem constitutional every shall-issue state's public carry prerequisites. *Id.* at *3 n.5. Rather, the Second Amendment covers all members of our "national community." *Id.* at *3 (quoting *District of*

*Columbia v. Heller*, 554 U.S. 570, 580 (2008)). That includes people, like Mr. Perez-Garcia, who are accused of crimes. *See id.* at *4

Second, the Fifth Circuit held that "dangerousness" laws, "affray" laws, and surety statutes were not sufficiently similar to § 922(g)(8). "Dangerousness" laws were intended to "prevent armed rebellions" by disarming "class[es]" or "group[s]" "thought to pose a threat to the security of the state." *Id.* at *7–8 (simplified). "Affray" laws did not traditionally cause arms forfeiture, and they applied only after "criminal proceedings and conviction" for "terroristic or riotous behavior." *Id.* at *9. And surety statutes "did not prohibit public carry, much less possession of weapons, so long as the offender posted surety." *Id.* at *10.

The same reasoning applies here. Standard Condition #4 targets individuals who might cause harm pretrial—not groups threatening to undermine the security of the state through armed rebellion. Mr. Perez-Garcia has not been convicted or even accused of terroristic or riotous behavior. And he is completely barred from possessing guns, even at home.

Respectfully submitted,

*/s/ Katie Hurrelbrink*
KATIE HURRELBRINK
Appellate Attorney
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Perez-Garcia